UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAYSON DE LA CUESTA, on his own behalf and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>J & J TIRES & WHEELS, LLC, and all other affiliated entities and/or joint employers and JUAN M. MEJIA, Individually, and JEANNETTE MEJIA, Individually,<br><br>Defendants. | Civil Action No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JAYSON DE LA CUESTA, on his own behalf and on behalf of all persons similarly situated, ("Plaintiff" or "Named Plaintiff" or "Cuesta"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendants, J & J Tires & Wheels, LLC, and all other affiliated entities and/or joint employers (collectively "J&J"), Juan M. Mejia, Individually ("Juan") and Jeannette Mejia, Individually ("Jeannette")(collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1.  Plaintiff brings this lawsuit seeking recovery against Defendants J & J Tires & Wheels, LLC, and all other affiliated entities and/or joint employers, Juan M. Mejia, Individually and Jeannette Mejia, Individually, for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and associated provisions of the New Jersey

1

Administrative Code ("NJAC"), as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et. seq. ("NJWPL").

2. Plaintiff brings this lawsuit against Defendants as a collective and class action on behalf of himself and all other persons similarly situated – non-exempt "tire and general auto maintenance mechanics"- who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and as a class action pursuant to Fed.R.Civ.P. Rule 23, the NJWHL and the NJWPL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims as well as his breach of contract action, pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Plaintiff performed non-exempt tire and general auto maintenance mechanics duties, based from two of Defendants three locations, in Little Ferry, New Jersey, and Lodi, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. Upon information and belief, at all times material hereto, employees similarly situated to Plaintiff, non-exempt tire and general auto maintenance mechanics, performed work for Defendants, from their three New Jersey locations. Defendants are therefore within the jurisdiction and venue of this Court.

.

8. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a tire and general auto maintenance business. Defendants' business purchases goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

9. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which moved through interstate channels so as to produce an end product for the corporate Defendant's consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

10. Plaintiff Cuesta is an adult individual who is a resident of Bergen County, New Jersey.

11. Plaintiff Cuesta became employed by Defendants, full-time, as a non-exempt tire and auto mechanic, beginning in or about August 2023, and continuing through in or about July 2024, performing duties in furtherance of Defendants' tire and general auto maintenance business.

12. Upon information and belief, Defendant J&J's headquarters are located in Lodi, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of Defendant, J&J.

3

14. Upon information and belief, at all times relevant to this Complaint, the Defendant, J&J's annual gross volume of sales made or business done was not less than $500,000.00.

15. Upon information and belief, at all times relevant to this Complaint, Individual Defendant Juan M. Mejia was a New Jersey resident.

16. Upon information and belief, at all times relevant to this Complaint, the individual Defendant Juan has had power over personnel decisions at J&J.

17. Upon information and belief, at all times relevant to this Complaint, Individual Defendant Juan has been an owner, partner, officer and/or manager of Defendant J&J.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Juan has had power over personnel decisions at Defendant J&J.

19. Individual Defendant Juan was regularly present at Defendant J&J premises, and managed the day-to-day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

20. Upon information and belief, Individual Defendant Jeannette Mejia was a New Jersey state resident.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Jeannette has been an owner, partner, officer and/or manager of Defendant J&J.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendant Jeannette has had power over personnel decisions at Defendant J&J.

23. Individual Defendant Jeannette was regularly present at Defendant J&J's premises and job sites and managed the day-to-day operations, controlled the employees, pay practices and

had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## CLASS AND COLLECTIVE ALLEGATIONS

24. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

25. This action is brought on behalf of Named Plaintiff and a putative collective class consisting of similarly situated employees who performed work for Defendants.

26. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA, NJWHL, and NJWPL, by failing to provide overtime wages, at the rate of one- and one-half times the regular rate of pay, for all time worked in excess of 40 hours in any given week, pursuant to 29 U.S.C. § 207.

27. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 employees. In addition, the names of all potential members of the putative class are not known.

28. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

29. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' different locations.

30. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

32. This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

33. Plaintiff's claims under the NJWHL and NJWPL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

34. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## **FACTS**

35. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all hours worked and at the overtime rate for all hours he worked in a work week.

36. Plaintiff routinely worked approximately sixty (60) hours per work week, Monday through Saturday.

37. Plaintiff was paid $700 weekly for all hours including overtime hours.

38. Plaintiff was not compensated in accordance with the New Jersey statutorily required minimum wage for his hours worked in a work week.

38. Further, Plaintiff Cuesta was not properly compensated for his hours worked in excess of forty (40), which he routinely worked in a work week.

39. From in or about August 2023 through July 2024, Plaintiff's job duties included, but were not limited to auto tire installation, repair and general mechanic work.

40. Upon information and belief, like Plaintiff, employees similarly situated to Plaintiff, were also compensated improperly by Defendants.

41. Upon information and belief, Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL and NJWPL, as described in this Complaint.

42. At all times material hereto, Plaintiff Cuesta and all similarly situated employees performed their duties for the benefit of and on behalf of Defendants.

43. This cause of action is brought to recover from Defendants, unpaid compensation, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL and the NJWPL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

44. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and NJWPL, in that Plaintiff Cuesta performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff Cuesta and other similarly situated employees compensation to which they were lawfully entitled for all of his hours worked as well as those hours worked in excess of forty (40) within a work week.

45. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt tire and general auto maintenance mechanics laborers who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after August 2019.

46. Plaintiff Cuesta has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff Cuesta is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE NJWHL

47. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

48. Plaintiff and similarly situated persons are entitled to be paid at the statutorily required minimum wage for each of their hours up to and including forty (40) hours in a workweek.

49. Defendants knowingly and willfully failed to pay Plaintiff and similarly situated persons the statutory minimum wage for their hours worked in a work week.

50. By reason of the said intentional, willful, and unlawful acts of the Defendants Plaintiff and similarly situated persons have suffered damages plus incurring costs and reasonable attorneys' fees.

51. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages in accordance with the NJWHL.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

52. Plaintiff Cuesta re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

53. Plaintiff Cuesta is entitled to be paid additional compensation for each overtime hour worked per work period.

54. Defendants knowingly and willfully failed to pay Plaintiff Cuesta at time and one half of his regular rate of pay for all of his overtime hours worked in a work period.

55. All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

56. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff Cuesta and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

57. As a result of Defendants' willful violations of the Act, Plaintiff Cuesta and those similarly situated employees are entitled to liquidated damages.

## COUNT III
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

58. Plaintiff Cuesta re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

9

59. Defendants' aforementioned conduct is in violation of the NJWHL in that Defendants willfully failed to pay Plaintiff Cuesta at one- and one-half times the statutorily required minimum wage rate of pay for his hours worked in excess of forty (40) in a work week.

60. Defendants' aforementioned conduct is in violation of the NJWHL in that Defendants willfully failed to pay similarly situated employees at one- and one-half times the statutorily required minimum wage rate of pay for his hours worked in excess of forty (40) in a work week.

61. As a direct and proximate cause of Defendants' actions, Plaintiff Cuesta and those similarly situated employees suffered damages, including but not limited to past, lost earnings.

62. As a result of Defendants' violations, Plaintiff Cuesta and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWHL.

**COUNT IV**
**RECOVERY OF COMPENSATION**
**PURSUANT TO THE NJWPL**

63. Plaintiff Cuesta re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs above.

64. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiff Cuesta for all hours worked.

65. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay similarly situated employees for all hours worked.

66. As a direct and proximate cause of Defendants' actions, Plaintiff Cuesta and those similarly situated employees suffered damages, including but not limited to past lost earnings.

67. As a result of Defendants' violations, Plaintiff Cuesta and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWPL.

## JURY TRIAL

68. Plaintiff Cuesta and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, JAYSON DE LA CUESTA, on his own behalf and on behalf of all persons similarly situated, and those similarly situated employees, demand judgment, against Defendants J & J Tires & Wheels, LLC, and all other affiliated entities and/or joint employers, all whose true names are unknown, Juan M. Mejia, Individually, and Jeannette Mejia, Individually, for the payment of minimum wage compensation due them and overtime wage compensation due them, for which they have not been properly compensated, as well as liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: November 22, 2024   Respectfully submitted,

JAFFE GLENN LAW GROUP, P.A.

/s/ Andrew Glenn
Andrew I. Glenn, Esq.
Email: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff and Putative Class*